IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| MARY SHAFFER | ) | CASE NO.: 2:18-cv-1457 |
| 1030 Olmstead Avenue | ) | |
| Columbus, Ohio 43201 | ) | JUDGE: |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | **COMPLAINT FOR INJUNCTIVE** |
| | ) | **RELIEF AND DAMAGES** |
| CITY OF COLUMBUS | ) | |
| 120 Marconi Boulevard | ) | **JURY TRIAL DEMANDED** |
| Columbus, Ohio 43215 | ) | |
| | ) | |
| and | ) | |
| | ) | |
| SHERIFF DALLAS BALDWIN | ) | |
| *In his official capacity* | ) | |
| Franklin County Sheriff's Office | ) | |
| 373 South High Street | ) | |
| Columbus, Ohio 43215 | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff, Mary Shaffer, by and through undersigned counsel, as her Complaint against

Defendants City of Columbus and Sheriff Dallas Baldwin, states and avers the following:

**PRELIMINARY STATEMENT**

1. Mary Shaffer, an individual who is Deaf, brings this case against City of Columbus and

    Sheriff Dallas Baldwin for failing to provide her with qualified American Sign Language

    ("ASL") interpreter services and other auxiliary aids or services necessary to ensure effective

    communication during her arrest by the City of Columbus and overnight detention at the

    Franklin County Correction Center. This failure, and the resulting consequences, violated

    Title II of the Americans with Disabilities Act, 42 U.S.C. §§ 12131-12165 ("ADA"), and

    Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794 ("Section 504"). Shaffer

    seeks declaratory relief, compensatory damages, and attorney's fees and costs.

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331.

3. Venue is proper in this judicial district under 28 U.S.C. § 1391 because a substantial part of the acts or omissions giving rise to this action occurred in Franklin County, Ohio.

## PARTIES

4. Plaintiff Mary Shaffer is an adult citizen of Franklin County, Ohio.

5. Defendant City of Columbus is a governing body created pursuant to the laws of the State of Ohio and is vested with powers to carry out the governmental functions necessary for the operation of the City of Columbus Division of Police. City of Columbus is a public entity subject to Title II, and receives and distributes federal financial assistance and is thus subject to Section 504.

6. Defendant Sheriff Dallas Baldwin (the "Franklin County Sheriff"), in his official capacity, is an agency of the government of Franklin County, Ohio. The Franklin County Sheriff manages the Franklin County Correction Center. The Franklin County Sheriff is a public entity subject to Title II. The Franklin County Sheriff is a recipient of federal financial assistance, including federal prisoner expense reimbursements, and is subject to Section 504.

## FACTUAL ALLEGATIONS

7. Shaffer incorporates by reference the allegations from the preceding paragraphs, as if fully re-alleged herein.

8. Shaffer is profoundly Deaf and communicates using ASL.

9. As is the case with many individuals who have been Deaf since an early age, Shaffer has difficulty reading and writing the English language and relies on ASL to communicate with and understand others.

10. In general, lip reading is a very difficult and unreliable form of communication. It is extremely challenging to lip-read English because only a small fraction of the sounds used in speaking are clearly visible on the mouth and many sounds appear identical on the lips. In addition to the difficulties in lip reading, the ability to accurately lip-read is greatly affected by the speaker's accent, facial bone structure, facial musculature, facial hair, lighting, distance from the lip reader, and other external factors. Lip reading in not an effective means of communication under the ADA and Section 504.

11. Shaffer is unable to read lips.

12. Shaffer communicates using ASL. ASL is a complete, complex language that employs signs made with the hands and other movements, including facial expressions and postures of the body. It is a language distinct from English – it is not simply English in hand signals – and has its own vocabulary and rules for grammar and discourse structure.

13. Because of the difficulty Shaffer experiences reading and writing the English language, writing notes back and forth is not an effective means of communication with Shaffer.

### *Shaffer's Arrest*

14. On or about September 3, 2018, two City of Columbus Police Officers, James Kirk and Stephen Hunter, were dispatched to Shaffer's home at 1030 Olmstead Avenue, Columbus, Ohio 43201 due to a false report of a domestic disturbance made by a neighbor.

15. Upon information and belief, City of Columbus and Officers Kirk and Hunter had knowledge prior to arriving at Shaffer's home that Shaffer is Deaf.

16. Officers Kirk and Hunter arrived at Shaffer's home during the afternoon of September 3, 2018.

17. Officers Kirk and Hunter, with full knowledge that Shaffer is Deaf, failed to take any actions to ensure that there was effective communication between Shaffer and the Officers.

18. Officers Kirk and Hunter provided no ASL interpretive services or auxiliary aids despite knowledge that Shaffer is Deaf.

19. Officers Kirk and Hunter handcuffed Shaffer's hands behind her back, making it impossible for Shaffer to communicate in any way with the officers.

20. Effective communication between officers and the parties involved in a domestic disturbance is vital in determining what actions should be taken by the officers.

21. Had there been effective communication between Officers Kirk and Hunter and Shaffer, Officers Kirk and Hunter would have determined that the report of a domestic disturbance by a neighbor was false and no arrest of Shaffer was warranted.

22. Instead, Officers Kirk and Hunter arrested Shaffer without making any meaningful attempt to effectively communicate with her.

23. No Miranda rights were given to Shaffer by Officers Kirk and Hunter by any means that Shaffer would remotely understand.

24. The City of Columbus, through its Division of Police, has a custom and policy of not providing effective communication between its officers and Deaf individuals in the general public.

25. Officers Kirk and Hunter transported Shaffer to Columbus Division of Police Substation 5 ("Police Station") located at 1371 Cleveland Ave. Columbus, Ohio 43211.

### *Shaffer's Booking*

26. Upon arrival at the Police Station, additional City of Columbus police officers were made aware that Shaffer is Deaf and is unable to communicate by any means other than ASL.

27. Despite knowledge that Shaffer relies solely on ASL to communicate, City of Columbus kept Shaffer handcuffed with her hands behind her back at the Police Station.

28. Officers attempted to have Shaffer read their lips to communicate with them.

29. Shaffer was unable to communicate in any way with officers at the Police Station by reading lips.

30. When reading lips proved to be completely ineffective, officers briefly removed Shaffer's handcuffs to attempt to write notes back and forth.

31. Shaffer was unable to communicate in any way with officers at the Police Station by passing notes back and forth.

32. Despite knowledge that Shaffer relies on ASL to communicate, City of Columbus made no attempt to provide ASL interpretation services either in the form of an on-site ASL interpreter or auxiliary aids.

33. Instead of making even minimal efforts to foster effective communication between Shaffer and the officers, multiple City of Columbus police officers openly laughed at Shaffer due to her being Deaf and her inability to communicate.

34. Had there been effective communication between Shaffer and City of Columbus police officers at the Police Station, City of Columbus would have determined that there was no basis for arresting and detaining Shaffer.

35. Because there was no effective communication, Shaffer was charged with multiple crimes she did not commit.

*Shaffer's Detention*

36. After being charged by the City of Columbus, Shaffer was taken into custody by the Franklin County Sheriff and transferred to the Franklin County Correction Center located at 2460 Jackson Pike, Columbus, Ohio 43223.

37. The Franklin County Sheriff and its employees had knowledge that Shaffer is Deaf upon taking her into custody on September 3, 2018.

38. Despite knowledge that Sheriff is Deaf and communicated through ASL, the Franklin County Sheriff provided no on-site ASL interpreter or other auxiliary aids during her overnight detention.

39. Shaffer was unable to communicate with anyone at the Franklin County Correction Center during her overnight detention.

40. From the time she was arrested on September 3, 2018 to the time she was transferred to court for her arraignment on September 4, 2018, Shaffer was not provided any interpretation services or auxiliary aids.

41. Shaffer was not released from the custody of Franklin County Sheriff until after her arraignment the next day, on or about September 4, 2018.

42. The charges levied by the City of Columbus against Shaffer were subsequently dismissed.

## COUNT I
### (Title II of the Americans With Disabilities Act)

43. Shaffer incorporates by reference the allegations from the preceding paragraphs, as if fully re-alleged herein.

44. On July 12, 1990, Congress enacted the ADA "to provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities." 42 U.S.C. § 12101(b)(1).

45. Title II of the ADA states that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132.

46. Title II of the ADA defines "qualified individual with a disability" as "an individual with a disability who, with or without reasonable modifications to rules, policies, or practices, the removal of architectural, communication, or transportation barriers, or the provision of auxiliary aids and services, meets the essential eligibility requirements for the receipt of services or the participation in programs or activities provided by a public entity." 42 U.S.C. § 12131(2).

47. Shaffer has a disability because she is substantially limited in the major life activities of hearing and speaking. She also meets the essential eligibility requirements for the receipt of services or the participation in programs or activities provided by a public entity. She is therefore a "qualified individual with a disability" under Title II of the ADA.

48. City of Columbus is a "public entity" within the meaning of the ADA, 42 U.S.C. § 12131(1)(B).

49. The Franklin County Sheriff is a "public entity" within the meaning of the ADA, 42 U.S.C. § 12131(1)(B).

50. At all times relevant to this action, the ADA was in full force and effect in the United States and Shaffer had a right not to be subjected by Defendants to discrimination on the basis of her disability. 42 U.S.C. § 12132.

51. Defendants knowingly failed to provide Shaffer with an ASL interpreter and other necessary auxiliary aids or services resulting in Shaffer being:

    a.  Unable to effectively communicate with City of Columbus police officers during her arrest;

    b.  Deprived of basic knowledge regarding the reason for her arrest and detention;

    c.  Unable to effectively communicate with City of Columbus police officers and other personnel during the booking process;

    d.  Deprived of access to telephone calls;

    e.  Deprived of basic knowledge regarding the charges against her and her legal rights;

    f.  Unable to effectively communicate with Franklin County Sheriff deputies and other personnel during her overnight detention.

52. These failures violated Shaffer's rights under Title II of the ADA.

53. Defendants knew of the substantial likelihood of a violation of Shaffer's federally protected rights and failed to act on this likelihood.

54. Upon information and belief, the failure to provide effective communication to Deaf individuals, such as Shaffer, and the failure to provide comparable access to services, programs and activities as provided to hearing individuals are policies, regular practices, or customs of Defendants. This failure is ongoing and continues to date.

55. As a result of Defendants' violations of the ADA, Shaffer has suffered discrimination, exclusion from services, benefits, activities, programs, and privileges, loss of dignity, frustration, humiliation, emotional pain and suffering, anxiety, trauma, embarrassment, and injury to her physical and mental health.

### COUNT II
### (Section 504 of The Rehabilitation Action of 1973

56. Shaffer incorporates by reference the allegations from the preceding paragraphs, as if fully re-alleged herein.

57. Section 504 states, "No otherwise qualified individual with a disability in the United States . . . shall, solely by reason of her or her disability, be excluded from the participation

in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance . . . "

58. Shaffer is substantially limited in the major life activities of hearing and speaking; as such, she is an individual with a disability under 29 U.S.C. § 705(20)(B) who is qualified under Section 504.

59. City of Columbus is a program or activity that distributes federal financial assistance within the meaning of 29 U.S.C. § 794(b)(1), because it receives federal financial assistance and distributes money to its departments and agencies, including the Division of Police.

60. Franklin County Sheriff is a program or activity that distributes federal financial assistance within the meaning of 29 U.S.C. § 794(b)(1), because it receives federal financial assistance and distributes money to its departments and agencies, including Franklin County Correction Center.

61. At all times relevant to this action, Section 504 was in full force and effect in the United States and Shaffer had a right not to be subjected to discrimination on the basis of her disability by Defendants.

62. Defendants knowingly failed to provide Shaffer with an ASL interpreter and other necessary auxiliary aids or services resulting in Shaffer being:

   a. Unable to effectively communicate with City of Columbus police officers during her arrest;
   b. Deprived of basic knowledge regarding the reason for her arrest and detention;
   c. Unable to effectively communicate with City of Columbus police officers and other personnel during the booking process;
   d. Deprived of access to telephone calls;
   e. Deprived of basic knowledge regarding the charges against her and her legal rights;
   f. Unable to effectively communicate with Franklin County Sheriff deputies and other personnel during her overnight detention.

63. These failures violated Shaffer's rights under Section 504.

64. Defendants knew of the substantial likelihood of a violation of Shaffer's federally protected rights and failed to act on this likelihood.

65. Upon information and belief, the failure to provide effective communication to deaf individuals, such as Shaffer, and the failure to provide comparable access to services, programs and activities as provided to hearing individuals are policies, regular practices, or customs of Defendants. This failure is ongoing and continues to date.

66. As a result of Defendants' violations of Section 504, Shaffer has suffered discrimination, exclusion from services, benefits, activities, programs, and privileges, loss of dignity, frustration, humiliation, emotional pain and suffering, anxiety, trauma, embarrassment, and injury to her physical and mental health.

## **JURY DEMAND**

67. Shaffer hereby demands that this action be tried before a jury.

## **PRAYER FOR RELIEF**

WHEREFORE, Shaffer respectfully requests that the Court provide the following relief:

    a.  Declare that Defendants' refusal to provide a qualified ASL interpreter and other necessary auxiliary aids or services to ensure effective communication with Shaffer violated Title II of the ADA and Section 504 of the Rehabilitation Act;

    b.  Award compensatory damages as a result of the violations of Title II of the ADA and Section 504 of the Rehabilitation Act in an amount to be determined at trial;

    c.  Award reasonable costs and attorney's fees; and

    d.  Award any and all other legal or equitable relief that the Court deems necessary and appropriate.

Dated: November 14, 2018

Respectfully Submitted,

/s/ *Sean H. Sobel*

Sean H. Sobel (0086905)
Sobel, Wade & Mapley, LLC
2460 Fairmount Boulevard, Ste 314
Cleveland, Ohio 44106
T: (216) 223-7213
F: (216) 223-7213
sobel@swmlawfirm.com

*Attorney for Plaintiff Mary Shaffer*